```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
UNITED STATES OF AMERICA                                         :
                                                                 :
        -v-                                                      :
                                                                 :      13-cr-777-3 (LJL)
ISAIAH WILSON,                                                   :
                                                                 :      MEMORANDUM AND
                        Defendant.                               :           ORDER
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __1/14/2025__

LEWIS J. LIMAN, United States District Judge:

Movant Isaiah Wilson ("Wilson") moves, pursuant to 18 U.S.C. § 3582(c)(1)(A), for an order granting him compassionate release. Dkt. No. 228.

## BACKGROUND

Wilson was charged in an indictment returned on October 8, 2013, with conspiracy to distribute narcotics in violation of 21 U.S.C. § 846, conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951, and possession of a firearm during and in relation to a crime of violence and drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). Dkt. No. 10. The charges stemmed from Wilson's participation in the planning stages and attempted execution of an armed robbery of what he believed were rival drug dealers in possession of at least three kilograms of cocaine. Dkt. No. 115.[1] At the time of his arrest, Wilson was wearing a bullet proof vest and was in possession of a loaded semi-automatic machine gun and additional round of hollow point bullets. *Id.* at 21, 38.

---

[1] At sentencing, the parties hotly disputed Wilson's knowledge of the amount of narcotics that were the object of the robbery. The Government contended that Wilson believed that the victims were in possession of approximately eighteen kilograms of cocaine and five kilograms of heroin. Dkt. No. 106 at 3. Defense counsel argued that Defendant knew that there would be a total of three kilograms of cocaine. Dkt. No. 115 at 17.

Wilson pled guilty to the indictment on March 24, 2014.[2] Dkt. No. 58. The Government accepted Wilson's plea to a lesser included offense of count one, conspiracy to distribute or possess with intent to distribute 500 grams or more of mixtures and substances containing a detectable amount of cocaine and 100 grams or more of mixtures and substances containing a detectable amount of heroin. *Id.* He also pled guilty to counts two and three of the indictment. *Id.*

Wilson was sentenced on December 8, 2014. Dkt. No. 115. Prior to sentencing, the Probation Office prepared a Presentence Report in which it calculated a Sentencing Guidelines range of 262 to 327 months based on a Total Offense Level of 31 and Wilson's Criminal History Category of VI. The Probation Office arrived at the Total Offense Level of 31, in part, by placing Wilson at offense level 34 based upon his status as a Career Offender under Section 4B1.1 of the Sentencing Guidelines and then reducing that offense level by three levels for his acceptance of responsibility. Independently, the Probation Offense calculated a combined adjusted offense level of 34 based on its view that Wilson's criminal activity involved the possession of eighteen kilograms of cocaine and five kilograms of heroin with intent to distribute. The Probation Office considered Wilson to be a Career Offender based on his prior convictions for third degree burglary and aggravated assault under New Jersey law.

The Court sentenced Wilson to an aggregate term of imprisonment of 216 months, consisting of 156 months on Counts One and Two followed by a consecutive sentence of 60 months on Count Three, followed by a four-year term of supervised release. Dkt. No. 108; Dkt. No. 115 at 42. Consistent with the plea agreement reached by the parties which had concluded

---

[2] This case was originally assigned to the Hon. Alison J. Nathan, who took Wilson's plea and imposed sentence. The case was reassigned to the undersigned on August 3, 2022. Dkt. No. 212.

that Wilson was a Career Offender, the Court concluded that Wilson was in criminal history category VI, with an offense level of 31, yielding a Sentencing Guidelines range of 262 to 327 months imprisonment, with a mandatory minimum term of 120 months imprisonment. Dkt. No. 115 at 6.[3] The Court found it unnecessary to decide whether it was foreseeable to Wilson that the offense involved eighteen kilograms of cocaine and five kilograms of heroin because the Career Offender guideline resulted in the same Guidelines range. *Id.* at 37–38. The Court concluded that Wilson had committed "a very serious crime," *id.* at 37, and that he was not "a hesitant participant," *id.* at 38. Wilson showed up for the robbery "seemingly ready for battle . . . wearing a bulletproof vest and . . . armed with a loaded TEC 9 machine gun style firearm [with] additional ammunition." *Id.*. There was evidence he "was the source of the firearms used and that he had access to other arms for sale" *Id.*. The Court further concluded that Wilson had engaged in "a pattern of criminality and dangerous conduct that is alarming" and that prior periods of parole and incarceration had not yet deterred him. *Id.* at 39. The Court further concluded that a substantial sentence was necessary to protect the public from Wilson, to deter him, and to send a message of deterrence to others. *Id.* at 39–40. At the same time, however, the Court agreed that Wilson's criminal history was "not [at] the extreme end of prior violent conduct" and that he had a "seemingly less level of involvement in the extended planning of the conspiracy." *Id.* at 40. The Court further took into account the fact that Wilson was a young man. *Id.* at 41.

On June 24, 2016, Wilson filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, arguing principally that his prior convictions for burglary and aggravated

---

[3] Wilson did not object to the Court's calculation of the Sentencing Guidelines range. Dkt. No. 115 at 6.

3

assault were not "crimes of violence" under Section 4B1.2(a)(2) of the Sentencing Guidelines and that therefore he should not have been sentenced as a career offender. Dkt. No. 125. The Court stayed proceedings pending the Supreme Court's decision in *Beckles v. United States*, 580 U.S. 356 (2017), which presented the question whether the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), holding that the statutory definition of "violent felony" in the Armed Career Criminal Act was unconstitutionally vague invalidated the identical language in Section 4B1.2(a)(2) of the Guidelines. On March 6, 2017, the Supreme Court held in *Beckles* that the Sentencing Guideline was not void for vagueness. 580 U.S. 356. Wilson then filed a supplemental brief arguing that it was ineffective assistance of counsel for his lawyer to advise him that there was no legal basis to argue that his prior conviction for aggravated assault was not a crime of violence under Section 4B1.2(a). Dkt. Nos. 154–56, 160. The Court denied the petition in an Opinion and Order dated August 8, 2019. Dkt. No. 170. The Court concluded that Wilson's conviction for burglary was a crime of violence within the meaning of Section 4B1.2(a)(2) of the Guidelines. *Id.* at 8. The Court also concluded that Wilson's conviction for aggravated assault under New Jersey law qualified as a crime of violence under the residual clause of U.S.S.G. § 4B1.2(a), such that Wilson's counsel was not ineffective for failing to advise him otherwise. *Id.* at 12–13.

      Wilson filed this motion for compassionate release on October 31, 2024. Dkt. No. 228. He has also submitted letters in support of his motion for compassionate release. Dkt. No. 229. In Wilson's letter he expresses remorse for his conduct and states that the years he has been incarcerated have been "a time of profound reflection and personal growth." *Id.* He expresses a commitment to personal education and mentoring. *Id.* He also notes that his son (who was

4

seven years old at the time of Wilson's sentencing) is in his senior year of high school, has been accepted to multiple universities, and has maintained a job since becoming eligible to work. *Id.*

## DISCUSSION

Section 3582(c)(1)(A)(i) of Title 18 of the United States Code provides that a district court, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of [a defendant's] imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

A district court may grant a compassionate release motion "only if three conditions are in place: administrative exhaustion (absent waiver or forfeiture by the government); satisfaction of the [18 U.S.C.] § 3553(a) [sentencing] factors; and extraordinary and compelling reasons." *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021); *see United States v. Sanchez*, 2024 WL 4647668, at *1 (2d Cir. Nov. 1, 2024). The Court considers first whether the defendant has exhausted his administrative remedies by applying to the warden of the defendant's facility to make a motion for compassionate release or, in the alternative, has waited the requisite 30 days from the receipt of such request by the warden. Second, the court considers whether there exist "extraordinary and compelling reasons" warranting a reduction.

However, "extraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam). Before reducing a defendant's sentence, a district court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). "In evaluating compassionate-release motions, 'courts regularly

5

consider whether compassionate release would be consistent with § 3553(a) by considering how early release would impact the aims of the original sentence.'" *United States v. Harper*, 2022 WL 599037, at *1 (2d Cir. Mar. 1, 2022) (summary order) (quoting *United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. 2020), and citing *United States v. Kanter*, 853 F. App'x 723, 726–27 (2d Cir. 2021)). "A compassionate-release motion 'is not an opportunity to second guess or to reconsider' the sentencing court's original decision." *Roney*, 833 F. App'x at 854 (quoting *United States v. Ebbers*, 432 F. Supp. 3d 421, 429 (S.D.N.Y. 2020)).

Wilson has submitted evidence that he has exhausted his administrative remedies because thirty days have elapsed since the warden of his institution received his request for compassionate release. Dkt. No. 228 at 3.[4] The first condition for compassionate release thus is satisfied.

Effective November 1, 2023, the Sentencing Commission has promulgated Guidelines that cover both BOP and defendant-initiated petitions. *See generally* U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254 (effective Nov. 1, 2023). "The amended guidance from the Commission as to what constitutes extraordinary and compelling reasons now controls the analysis of a compassionate release petition." *United States v. Corbett*, 2023 WL 8073638, at *3 (S.D.N.Y. Nov. 21, 2023). "[T]o grant a motion for compassionate release, a court must now, in addition to finding that the other elements of the compassionate release standard are satisfied, also find that granting such relief 'is consistent with' Policy Statement 1B1.13, which sets forth the circumstances under which an extraordinary and

---

[4] This case does not present the question whether Section 3582(c)'s exhaustion requirement is subject to equitable considerations in extraordinary circumstances. *See United States v. Herrera*, 2023 WL 3862695, at *2 n.1 (S.D.N.Y. June 7, 2023); *United States v. Russo*, 454 F. Supp. 3d 270, 277 (S.D.N.Y. 2020).

compelling reason for compassionate release or sentence reduction would exist." *United States v. Feliz*, 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023); *see United States v. Stewart*, 2024 WL 5046927, at *1 (S.D.N.Y. Dec. 9, 2024).

Section 1B1.13 sets forth six reasons that may constitute "extraordinary and compelling reasons" warranting compassionate release:

(1) The medical circumstances of the defendant. U.S.S.G. § 1B1.13(b)(1);

(2) The age of the defendant, U.S.S.G. § 1B1.13(b)(2);

(3) Family circumstances of the defendant including whether the defendant is the "only available caregiver" for an immediate family member, U.S.S.G. § 1B1.13(b)(3);

(4) Whether the defendant has been the victim of abuse in custody resulting in serious bodily injury and committed by an individual who had custody or control over the defendant, U.S.S.G. §1B1.13(b)(4);

(5) Other circumstances or combinations of circumstances similar in gravity to the situations listed above, U.S.S.G. § 1B1.13(b)(5); and

(6) Changes in the law when the defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, U.S.S.G. § 1B1.13(b)(6).

Wilson argues that the fifth and sixth reasons apply to his case. The fifth reason states in full:

(5) Other Reasons.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or tother with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G. § 1B1.13. The sixth reason states in full:

(6) Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*Id.*

Wilson does not present extraordinary and compelling circumstances under Section 1B1.13(b)(6). The Court assumes that the 216-month sentence Wilson received qualifies as unusually long sentence and he has served at least ten years of that sentence. However, he does not identify a qualifying change in the law.

The change in law to which Wilson points is Amendment 798 to the Sentencing Guidelines, made in 2016, which deleted the "residual clause" at Section 4B1.2(a)(2). Prior to amendment, the term "crime of violence" in Section 4B1.2 included any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. Amendment 798. The Sentencing Commission determined that the language of the residual clause implicated many of the same concerns that caused the Supreme Court in *Johnson* to hold that the identical language in the statutory definition of "violent felony" in the Armed Career Criminal Act was unconstitutionally vague and therefore deleted the language from Section 4B1.2. The Commission concluded that "[r]emoving the residual clause ha[d] the advantage of alleviating the considerable application difficulties associated with that clause, as expressed by judges, probation officers, and litigating" and would "alleviate some of the ongoing litigation and uncertainty resulting from the *Johnson* decision." U.S.S.G. Amendment 798. Wilson argues that, had he been sentenced after the change made by Amendment 798, his conviction for burglary would no longer be a violent felony and he would not be a career offender. Because the Court did not find that the full eighteen kilograms of cocaine and five kilograms of heroin were reasonably foreseeable to Wilson, his guideline range on Counts One and Two would be 92 to 115 months. Dkt. No. 228 at 4. With the mandatory 60-month charge for the firearm count, this would result in a Guideline range of 152 to 176 months, below the 216 months to which he was sentenced. *Id.*

However, "[t]he Sentencing Commission did not apply the amendment [798] retroactively." *Concepcion v. United States*, 597 U.S. 481, 489 n.1 (2022). Section 1B1.13(b)(6) does not apply when the law that has changed is an amendment to the Guidelines Manual that has not been made retroactive. This change in the law thus is not "the sort envisioned by the Commission in drafting § 1B1.13(b)(6)." *United States v. Donato*, 2024 WL 1513646, at *8 (E.D.N.Y. Apr. 8, 2024).

The Sentencing Commission's decision to omit Guideline amendments that are not retroactive was considered. As the Commission explained in promulgating the Guideline amendment:

> Subsection (b)(6) excludes from consideration as extraordinary and compelling reasons warranting a reduction in sentence changes to the Guidelines Manual that the Commission has not made retroactive. Public comment requested that the Commission clarify the interaction between § 1B1.13 and § 1B1.10, and the Commission determined that excluding non-retroactive changes to the guidelines from consideration as extraordinary and compelling reasons was consistent with § 1B1.10 and the Supreme Court's decision in *Dillon v. United States*, 560 U.S. 817 (2010).[5]

88 Fed. Reg. 28,259 (May 3, 2023). Thus, even if the amendment would have led to a different sentencing guideline had it been in effect at the time of Wilson's sentencing, it cannot supply an extraordinary and compelling reason for a compassionate release.[6]

---

[5] Guideline section 1B1.10 addresses sentence reductions in cases where the court reduced a term of imprisonment under 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10. In *Dillon*, the Supreme Court held Section 3582(c)(2) provides only a "narrow exception to the rule of finality" of a judgment of conviction. 560 U.S. at 827.

[6] Wilson notes that a non-retroactive change in the Guidelines may be taken into account in determining the extent of the reduction for a defendant who has provided a "extraordinary and compelling" reason for a compassionate release. But that is because a different new subsection of the Guidelines, subsection 1B1.13(c), provides that where a defendant "otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction," the court may take into account all changes in the law, including non-retroactive amendments to the Guidelines Manual, in determining the extent of the sentencing reduction. U.S.S.G § 1B1.13(c).

Second, Wilson argues that a combination of circumstances other than those listed in subsections 1B1.13(b)(1)–(4), but of similar gravity, supply the requisite extraordinary and compelling reason for his compassionate release pursuant to U.S.S.G. § 1B.13(5). He points to his limited role in the offense, the fact that the offense was arranged by the Government as part of a "sting," his age, and his rehabilitation. He notes that he was not involved in any of the planning stages of the drug conspiracy charged in the indictment and to which he pled guilty, joined only during the final meeting and stayed in the car, and his "criminal behavior was limited to agreeing to the fictious robbery [set up by a confidential informant] and possessing a firearm during the crime." Dkt. No. 228 at 6. He was twenty-four years old at the time of the offense. *Id.* at 7.

Wilson fails to identify circumstances or a combination of circumstances similar in gravity to those listed in subsections 1B1.13(b)(1)–(4) that would constitute extraordinary or compelling reasons for his compassionate release. With the exception of his rehabilitation, all of the factors that Wilson mentions were considered by Judge Nathan at the time of Wilson's sentencing and formed the basis of her decision to impose on Wilson a below-Guidelines sentence. In particular, Judge Nathan took into account the facts that there was less evidence against Wilson than against the other defendants, that his role appeared to be more limited, and that the offense was part of a sting operation. She concluded that Wilson should receive a lower sentence than his co-defendant, Tariq Gill, because Gill had a greater level of involvement in the planning and in the violence than Wilson. Dkt. No. 115 at 40–41. The Court also took into account Wilson's age. *Id.* at 41. The Court concluded that "a sting operation to capture those willing to engage in violent armed robberies of drug dealers is appropriate. *Id.* at 39. The only factor that Wilson mentions now that was not considered in connection with his sentencing is his

claimed rehabilitation, but rehabilitation alone does not provide an extraordinary and compelling reason for compassionate release. 28 U.S.C. § 994(t). In short, the factors that Wilson relies upon cannot be considered "extraordinary and compelling" without depriving those words of virtually any meaning and making the compassionate release motion a vehicle to "'second guess or to reconsider' the sentencing court's original decision." *Roney*, 833 F. App'x at 854 (quoting *Ebbers*, 432 F. Supp. 3d at 429).

      Finally, although Wilson received a lengthy sentence and has already served a long time in prison, his compassionate release now would not be consistent with the Section 3553(a) factors and the aims of his original sentence. Wilson committed a very serious crime. He participated in a conspiracy to commit what he understood and agreed to be an armed robbery of rival drug dealers, and he did so fully prepared to engage in gun fire. Though it turns out the robbery was a sting operation, that fact only slightly mitigates the gravity of his crime. Had the circumstances been as Wilson believed them to be, others well could have been seriously injured or killed. Were that the case, his sentence would have been far greater. Wilson has eight prior convictions. His previous term of incarceration was not sufficient to deter him. The sentence was intended not only to specifically deter and protect the public from Wilson, but also to express the gravity of the crime and to send a message of general deterrence. Those latter two functions in particular would be undermined by Wilson's release at this date.

## CONCLUSION

The motion for compassionate release is denied without prejudice. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 228.

The Clerk of Court is respectfully directed to mail a copy of this order to Defendant at his last known address.

SO ORDERED.

Dated: January 14, 2025
      New York, New York

                                                   LEWIS J. LIMAN
                                          United States District Judge