UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                              :
:
-v-                                                    :
:     13-cr-777 (LJL)
ISAIAH WILSON,                                         :
:     MEMORANDUM AND
Defendant.                                     :         ORDER
:
-----------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Petitioner Isaiah Wilson, proceeding pro se, moves for reconsideration of the Court's January 14, 2025, decision denying him compassionate release. Dkt. No. 234. The motion is denied.

By memorandum and order of January 14, 2025, the Court denied Wilson's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. No. 232. The Court concluded that Wilson failed to present extraordinary and compelling reasons supporting compassionate release under either of the two grounds he asserted. First, he did not present extraordinary and compelling reasons under subsection 1B1.13(b)(6) of the Sentencing Guidelines because Amendment 798 to the Sentencing Guidelines, upon which his argument rested, did not apply retroactively. *Id.* at 9 (citing *Concepcion v. United States*, 597 U.S. 481, 489 n.1 (2022)). "Subsection (b)(6) excludes from consideration as extraordinary and compelling reasons warranting a reduction in sentence changes to the Guidelines Manual that the Commission has not made retroactive." *Id.* (quoting 88 Fed. Reg. 28,259 (May 3, 2023)). Second, Wilson did not establish extraordinary and compelling reasons under subsection 1B1.13(5) because he did not identify circumstances or a combination of circumstances similar

in gravity to those listed in subsections 1B1.13(b)(1)–(4) that would constitute extraordinary or compelling reasons for his compassionate release. *Id.* at 10. All of the factors he mentioned were considered by Judge Nathan at the time of sentencing, aside from his post-incarceration rehabilitation, and his rehabilitation alone could not provide an extraordinary and compelling reason for his compassionate release. *Id.* at 10–11. As an independent ground for its decision, the Court concluded that Wilson's release at this time would not be consistent with the Section 3553(a) factors and the aims of his original sentence. *Id.* at 11.

"A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court.'" *Justice v. City of New York*, 2015 WL 4523154, at *1 (E.D.N.Y. July 27, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Wilson has not identified any clear error or manifest injustice, any matter the Court overlooked, or any intervening change in controlling law. He argues that a non-retroactive change to the Guidelines may be taken into account in determining whether and to what extent to grant compassionate release if another independent ground exists that constitutes an extraordinary and compelling reason. Dkt. No. 234 at 5. The Court agreed with that proposition. *See* Dkt. No. 232 at 9 n.6. It denied compassionate release because there was no independent

basis for finding an extraordinary and compelling reason as that term has been denied by the Sentencing Commission. Wilson also argues that the Court overlooked the circumstances surrounding his conviction in determining that there were no other extraordinary and compelling reason for compassionate release, but the arguments he makes largely reiterate the arguments he has already made. The Court considered those arguments in denying compassionate release. Judge Nathan considered the points Wilson now makes at the time of sentencing. *Id.* at 3, 10 (citing Dkt. No. 115 at 39-41). Finally, the Court committed no error, much less a clear error, in its conclusion that the Section 3553(a) factors did not now permit his release. The Court stated that the sentence he received "was intended not only to specifically deter and protect the public from Wilson, but also to express the gravity of the crime and to send a message of general deterrence. Those latter two functions in particular would be undermined by Wilson's release at this date." *Id.* at 11. That conclusion is not altered by the claim that Wilson has time remaining on a state sentence imposed in New Jersey. Dkt. No. 234 at 5.

      The motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to close Dkt. No. 234.

      SO ORDERED.

Dated: March 3, 2025  
      New York, New York

                                      LEWIS J. LIMAN  
                                    United States District Judge